**SIGNED.**

Dated: June 27, 2007



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| | No. 4:07-bk-00355-JMM |
| KIMBERLY DAWN TROTTIER, | **MEMORANDUM DECISION RE:** |
| | **(1) TURNOVER MOTION;** |
| | **(2) MOTION TO ENLARGE TIME TO FILE CLAIM; AND** |
| Debtor. | **(3) MOTION TO ENLARGE TIME TO FILE NON-DISCHARGEABILITY COMPLAINT.** |

On June 25, 2007, creditor Zeon Weirmeir filed a pleading with this court, entitled as a "motion for turnover of property." However, within the body of the pleading, Mr. Weirmeir also appears to request (1) an extension of time to file a proof of claim, and (2) an extension of time to file a complaint objecting to the non-dischargeability of the debt which he claims the Debtor owes him.

Mr. Weirmeir informs the court, in his pleading, that he is currently incarcerated, but that he is scheduled for release on July 25, 2007. He has no attorney at this time in these proceedings.

## PROCEDURAL FACTS

The Debtor filed a chapter 13 case on March 9, 2007. She filed a plan on April 2, 2007. In her schedules, she listed Mr. Weirmeir as a creditor, but for an "unknown" and "disputed" amount.

The notice of the Debtor's §341 meeting of creditors established the following deadlines:

- Deadline to file a non-dischargeability complaint    June 25, 2007
- Deadline to file a proof of claim                                July 24, 2007

On June 25, 2007, this court received Mr. Weirmeir's motion.

## **DISCUSSION**

### **A. Request to Extend Time to File Proof of Claim**

Mr. Weirmeir timely filed his request for an extension to file a proof of claim in this case. He has shown good cause to do so, by virtue of the fact that he is currently incarcerated and will not gain release until the day after the claims deadline. FED. R. BANKR. P. 9006(b)(1) and (3) allows a court to enlarge the time to file a claim, pursuant to FED. R. BANKR. P. 3002(c). Cause has been shown here to do so.

Accordingly, the court will extend Mr. Weirmeir's time to file a proof of claim to and through September 4, 2007.

### **B. Request to Extend Time to File a Non-Dischargeability Action**

Similarly, Mr. Weirmeir has timely sought an extension of time within which to file a complaint for non-dischargeability of a debt pursuant to 11 U.S.C. § 523(a). FED. R. BANKR. P. 4007.

Any such complaint filed for non-dischargeability must comply wit the adversary proceeding rules. *See* FED. R. BANKR. P. 7001(6), *et seq.*

Therefore, good cause has been shown to extend the time for filing such a complaint, should Mr. Weirmeir elect to do so, to and through September 4, 2007.

## MOTION FOR TURNOVER

Mr. Weirmeir contends that the Debtor has property in her possession that belongs to him. This matter requires the presentation of evidence and the taking of testimony. Therefore, this court sets **Wednesday, October 17, 2007, at 9:00 a.m.**, Hearing Room 446, 38 South Scott Avenue, Tucson, Arizona (three hours) for the presentation of such evidence. All of the discovery rules of FED. R. BANKR. P. 7028-7037 shall apply. This turnover matter is considered to be a "contested matter" within the meaning of FED. R. BANKR. P. 9014.

## SEPARATE ORDER

Pursuant to FED. R. BANKR. P. 9021, a separate order shall be entered in connection with the matters disposed of herein.

DATED AND SIGNED ABOVE.

COPIES served as indicated below this
27th day of June, 2007, upon:

Eric Slocum Sparks
Law Office of Eric Slocum Sparks, P.C.
110 South Church Ave., #2270
Tucson, AZ 85701-3031
Attorneys for Debtor                    Email eric@ericslocumsparkspc.com

Dianne C. Kerns, Trustee
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305                   Email mail@dcktrustee.com

Zeon Weirmeir 131371
P.O. Box 6639
Kingman, AZ 86401                       U.S. Mail

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706                  U.S. Mail

By /s/ M. B. Thompson
      Judicial Assistant